**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

*ELECTRONICALLY FILED*

| | |
|---|---|
| **JOSEPH D. JOHNSON,** | ) |
| | ) |
| **Plaintiff,** | ) Civil Action No. __3:26-cv-13-BJB__ |
| | ) |
| **v.** | ) Judge _____ |
| | ) |
| **FORD MOTOR COMPANY, et al.** | ) |
| | ) |
| **Defendants.** | ) |

**DEFENDANT'S NOTICE OF REMOVAL**

Defendant For Motor Company ("Defendant"), pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, respectfully submits this Notice of Removal of this action from the Jefferson Circuit Court, the court in which this case is presently pending, to the United States District Court for the Western District of Kentucky (Louisville).  As grounds for this removal, Defendant states as follows:

1.      On or about December 12, 2025, Plaintiff Joseph D. Johnson filed a Complaint against Defendant, Karissa Dewees-Cole ("Cole") and Dylan Potts ("Potts") (Cole and Potts will collectively be referred to as the "Individual Defendants") in the Jefferson Circuit Court in Jefferson County, Kentucky, Case No. 25-CI-010708.  A copy of the Complaint is attached as Exhibit A. In his Complaint, Plaintiff alleges claims for age discrimination and retaliation under the Age Discrimination in Employment Act ("ADEA"), the Kentucky Civil Rights Act ("KCRA"), and the Family and Medical Leave Act ("FMLA"). (*See* Ex. A – Compl.)

2.      Defendant was served with the Complaint and Summons on December 18, 2025. A review of the Jefferson Circuit Court docket reveals that service has not been properly made on the Individual Defendants. A copy of the Jefferson Circuit Court docket filings is attached as Exhibit B.

3.      No further pleadings have been served upon Plaintiff or Defendant.  No further proceedings have taken place in the Jefferson Circuit Court.

## I.      FEDERAL QUESTION JURISDICTION

4.      The complaint brings claims against Defendant for discrimination and retaliation under federal law.  (See Complaint, ¶¶ 91-105; 116-129; 141-149)

5.      Plaintiff's Complaint establishes that there are federal questions. Plaintiff alleges violations of the ADEA and FMLA. This Court has original jurisdiction over this claim under 28 U.S.C. § 1331.

6.      Plaintiff's Complaint also asserts claims for discrimination and retaliation under the KCRA.  As these claims are so related to the federal claims that they form part of the same case or controversy, in that all claims alleged arise out of Plaintiff's employment and termination from Defendant, and are based on the same alleged misconduct, the Court may exercise supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367(a).

## II.      DIVERSITY JURISDICTION

**A.      CITIZENSHIP OF THE PARTIES**

7.      Diversity jurisdiction is also present in this matter.

8.      Plaintiff is a citizen and resident of Kentucky. (Ex. A – Compl., ¶ 1)

9.      Defendant is a foreign corporation organized under the laws of the State of Delaware, with its principal place of business in Dearborn, Michigan. (Ex. A – Compl., ¶ 2)

10.     The Individual Defendants are alleged to be residents of Kentucky (Ex. A – Compl., ¶¶ 6, 8); however, neither Individual Defendant has been properly served, as outlined above.

11.     Because the only defendant properly served in this matter, For Motor Company, is a citizen of Delaware and Michigan, and Plaintiff is a citizen of Kentucky, complete diversity exists under 28 U.S.C. § 1332.

## B.      AMOUNT IN CONTROVERSY

12.     The amount in controversy is to be determined based on the plaintiff's complaint at the time the notice of removal is filed.  *See Ahearn v. Charter Twp. Of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996). When a plaintiff fails to specifically plead an amount in controversy, a defendant seeking removal must meet a preponderance of the evidence standard and show that it is more likely than not that the amount in controversy exceeds $75,000.00. *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993); *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006). *See also Holiday Drive-In, LLC v. Liberty Mut. Ins. Co.*, 2016 U.S. Dist. LEXIS 27590, * 10 (W.D. Ky. Mar. 4, 2016) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.")

13.     Although Plaintiff's Complaint does not specify the amount in controversy, it is reasonable to conclude based on the remedies sought in the Complaint that Plaintiff's requested monetary damages are in excess of the jurisdictional amount necessary to establish diversity jurisdiction.

14.     Plaintiff's Complaint purports to allege claims for age discrimination and retaliation under the ADEA, FMLA and KCRA.  Although Defendant disputes the validity of Plaintiff's claims, Plaintiff clearly claims the amount in controversy is greater than $75,000, exclusive of interest and costs.

3

15.     At the time of Plaintiff's termination, he made approximately $125,000 per year. (Exhibit C – Declaration of James Hoagland)

16.     The Complaint seeks additional and substantial damages from Defendant, including compensatory and emotional distress damages; liquidated damages; punitive damages; and an award of attorney fees, costs and expenses. (Ex. A – Compl.)

17.     The attorney's fees Plaintiff seeks are included in the amount in controversy because the applicable statutes upon which Plaintiff's claims are based expressly allows Plaintiff to recover them if he is successful.  *See, e.g.*, *Kendrick v. Std. Fire Ins. Co.*, 2007 U.S. Dist. LEXIS 28461, at *12 (E.D. Ky. Mar. 31, 2007) ("The Sixth Circuit recently reiterated that statutory attorneys fees are included in considering the amount in controversy") (citing *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 (6th Cir. 2007)). In other words, Plaintiff's combined damages for potential lost wages, liquidated damages, emotional distress, other consequential damages, and punitive damages clearly exceed the jurisdictional threshold.

18.     Given the scope and variety of the damages available in employment cases alone, Kentucky district courts have recognized it is a "near-certainty" that the amount in controversy in such cases exceeds the jurisdictional threshold.  *Egan v. Premier Scales & Sys.*, 237 F. Supp. 2d 774, 776 (W.D. Ky. 2002) ("Defendant can easily make the case that the claims are more likely than not to reach the federal amount in controversy requirement" where "Plaintiff alleges termination due to . . . discrimination, lost wages, benefits, humiliation, and embarrassment"); *Martin v. UPS Supply Chain Solutions*, 2015 U.S. Dist. LEXIS 19007, at *7 (W.D. Ky. Feb. 13, 2015) ("[T]he addition of [plaintiff's] claims for emotional distress, mental anguish, humiliation, and embarrassment, plus future lost wages and attorney's fees, convince the Court of the likelihood that at least $75,000 is at stake in this case."); *Harris v. Burger King Corp.*, 2012 U.S. Dist. LEXIS

4

45263, at *2-3 (W.D. Ky. Mar. 29, 2012) (finding amount in controversy exceeded $75,000, despite negligible back pay damages, given plaintiff's request for *inter alia* lost wages, emotional damages, and attorney's fees).

19. Considering all of Plaintiff's alleged damages, if he were to succeed at trial, his Complaint makes clear that he would contend that he can recover in excess of $75,000.

20. Accordingly, removal is authorized by 28 U.S.C. §§ 1332, 1441, and 1446. Specifically, there is complete diversity among all parties of interest who are properly joined in this action, and based on Plaintiff's Complaint and law, the amount in controversy exceeds the jurisdictional minimum of $75,000, exclusive of interest and costs.

### III. REMOVAL

21. Because both a federal question and complete diversity exist, the United States District Court for the Western District of Kentucky (Louisville) has original jurisdiction over this matter.

22. The United States District Court for the Western District of Kentucky, Louisville Division, is the district court for the judicial district and division embracing Jefferson County, Kentucky, where the state court action is pending. 28 U.S.C. § 97(b).

23. This Notice of Removal was timely filed in accordance with 28 U.S.C. § 1446 because it was filed within 30 days of the date it received service of the Complaint and Summons.

24. All defendants properly served in this matter have consented to removal.

25. A copy of this Notice of Removal is being served by U.S. Mail and electronic mail on counsel for Plaintiff and a Notice of Filing Notice of Removal is being filed with the Jefferson Circuit Court in accordance with 28 U.S.C. § 1446. A copy of the Notice of Filing is attached as Exhibit D.

26.     Defendant submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiff has pled claims upon which relief can be granted.

WHEREFORE, Defendant Ford Motor Company respectfully requests that the above-entitled action now pending in the Jefferson County, Kentucky Circuit Court, be removed pursuant to 28 U.S.C. §§1331, 1332 and 1441 to this Court, that this Court accept jurisdiction over this action, and henceforth that this action be placed upon the docket of this Court for further proceedings, as if this case had been originally instituted in this court.

Respectfully submitted,

*/s/ Ryan M. Martin*
Ryan M. Martin (KBA 92619)
JACKSON LEWIS P.C.
201 E. 5th Street, 26th Floor
Cincinnati, Ohio 45202
Telephone (513) 898-0050
Facsimile (513) 898-0051
E-mail:ryan.martin@jacksonlewis.com

*Counsel for Defendant Ford Motor Company*

6

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of January, 2026, a true and accurate copy of the foregoing was served, via the Court's electronic filing system and E-mail, upon the following individual:

Samuel T. Long
The Spitz Law Firm, LLC
Spectrum Office Tower
11260 Chester Road, Suite 825
Cincinnati, OH 45246
Sam.long@spitzlawfirm.com

*Attorney for Plaintiff*

/s/ Ryan M. Martin
Ryan M. Martin

4939-1551-6035, v. 1

7