NOT ORIGINAL DOCUMENT
12/17/2025 09:17:03 AM
83370

**COMMONWEALTH OF KENTUCKY**
**JEFFERSON COUNTY CIRCUIT COURT**
**CASE NO. ________________**

JOSEPH D. JOHNSON PLAINTIFF

v.

FORD MOTOR COMPANY DEFENDANTS

Serve: CT Corporation System
Statutory Agent
306 W. Main Street, Suite 512
Frankfort, KY 40601

-and-

KARISSA DEWES-COLE

Serve: KARISSA DEWES-COLE
3001 Chamberlain Lane,
Louisville, Kentucky 40241

-and-

DYLAN POTTS
Serve: DYLAN POTTS
3001 Chamberlain Lane,
Louisville, Kentucky 40241

## COMPLAINT AND JURY DEMAND

Plaintiff Joseph D. Johnson, by and through his undersigned counsel, brings this action against Defendants Ford Motor Company, Karissa Dewes-Cole, and Dylan Potts, and for his Complaint states as follows:

## PARTIES

1. Plaintiff Joseph D. Johnson is an individual citizen and resident of Spencer County, Kentucky.
2. Defendant Ford Motor Company ("Ford") is a foreign corporation organized under the laws of the State of Delaware, with its principal place of business in Dearborn, Michigan.

Presiding Judge: HON. PATRICIA "TISH". MORRIS (630457)
COM : 000001 of 000015

Filed 25-CI-010708 12/12/2025 David L. Nicholson, Jefferson Circuit Clerk
NOT ORIGINAL DOCUMENT 12/17/2025 09:17:03 AM 83370

3. Ford regularly conducts business in Jefferson County, Kentucky, including through its operation of the Kentucky Truck Plant located at 3001 Chamberlain Lane, Louisville, Kentucky 40241.

4. Ford may be served with process through its registered agent, CT Corporation System, at 306 W. Main St., Suite 512, Frankfort, KY 40601.

5. Defendant Karissa Dewes-Cole is, upon information and belief, an individual resident of Kentucky.

6. At all relevant times, Dewes-Cole was employed by Ford as a Team Leader and acted as an agent and supervisor of Ford, exercising supervisory authority over Johnson.

7. Dewes-Cole may be served at her place of employment, Ford Motor Company, 3001 Chamberlain Lane, Louisville, KY 40241.

8. Defendant Dylan Potts is, upon information and belief, an individual resident of Kentucky.

9. At all relevant times, Potts was employed by Ford as a Supervisor and acted as an agent and supervisor of Ford, exercising supervisory authority over Johnson.

10. Potts may be served at his place of employment, Ford Motor Company, 3001 Chamberlain Lane, Louisville, KY 40241.

## JURISDICTION AND VENUE

11. This Court has subject-matter jurisdiction over this action pursuant to KRS § 23A.010 and KRS § 344.450.

12. This Court has jurisdiction over the federal claims asserted herein pursuant to the doctrine of pendent jurisdiction.

13. Venue is proper in Jefferson County pursuant to KRS § 452.460 because the unlawful employment practices alleged herein occurred in Jefferson County, and Defendant Ford regularly conducts business in this county.

Presiding Judge: HON. PATRICIA "TISH". MORRIS (630457)
COM : 000002 of 000015


Filed 25-CI-010708 12/12/2025 David L. Nicholson, Jefferson Circuit Clerk

Filed 25-CI-010708 12/12/2025 David L. Nicholson, Jefferson Circuit Clerk
NOT ORIGINAL DOCUMENT 12/17/2025 09:17:03 AM 83370

## FACTUAL ALLEGATIONS

14. Johnson began his employment with Ford on or about June 11, 1999, at the Kentucky Truck Plant.
15. For over 26 years, Johnson was a loyal and proficient employee.
16. Johnson consistently met or exceeded Ford’s legitimate job expectations.
17. Johnson maintained a near-perfect employment record and regularly volunteered for overtime work.
18. At the time of the events described herein, Johnson was 64 years old.
19. He intended to work until at least the summer of 2028 to maximize his retirement and pension benefits.
20. In or around July 2025, Johnson was subjected to discriminatory and harassing conduct based on his age by his substantially younger Team Leader, Defendant Karissa Dewes-Cole, who was in her late 20s.
21. On or about July 19, 2025, Defendant Dewes-Cole demeaningly ordered Johnson to “get in his truck old man.”
22. Around the same time, Defendant Dewes-Cole told Johnson’s coworker, Kenneth Dobson, that Johnson was “crazy and senile” and made other disparaging remarks about his age and fitness for work.
23. On or about July 21, 2025, Johnson engaged in protected activity by filing a formal grievance with his union, reporting Defendant Dewes-Cole’s age-based harassment and discrimination (“Discrimination Complaint”).
24. Defendants have a policy of investigating significant workplace issues or events.
25. The Discrimination Complaint reported a significant workplace issue or event.
26. Pursuant to Defendants’ policies, the Discrimination Complaint should be investigated.

Presiding Judge: HON. PATRICIA "TISH". MORRIS (630457)
COM : 000003 of 000015


Filed 25-CI-010708 12/12/2025 David L. Nicholson, Jefferson Circuit Clerk

Filed 25-CI-010708 12/12/2025 David L. Nicholson, Jefferson Circuit Clerk
NOT ORIGINAL DOCUMENT 12/17/2025 09:17:03 AM 83370

27. Alternatively, pursuant to Defendants' policies, the Discrimination Complaint should not be investigated.
28. An investigation should include interviewing the complainant.
29. An investigation should include interviewing the subject of the complaint.
30. An investigation should include interviewing the subject of the reported discrimination.
31. An investigation should include interviewing witnesses to the reported discrimination.
32. An investigation should include getting a written statement from the complainant.
33. An investigation should include getting a written statement from the subject of the complaint.
34. An investigation should include getting a written statement from the subject of the reported discrimination.
35. In response to the Discrimination Complaint, Defendants' did not interview Johnson.
36. In response to the Discrimination Complaint, Defendants' did not interview any witnesses.
37. In response to the Discrimination Complaint, Defendants' did not get a written statement from Johnson.
38. In response to the Discrimination Complaint, Defendants' did not get a written statement from any witnesses.
39. In response to the Discrimination Complaint, Defendants' conducted no investigation whatsoever.
40. Failing to investigate the Discrimination Complaint is an adverse action.
41. Failing to investigate the Discrimination Complaint is an adverse employment action.
42. Defendants' willfully failed to investigate the Discrimination Complaint.
43. Defendants' intentionally failed to investigate the Discrimination Complaint.
44. In response to the Discrimination Complaint, Defendants' did not correct the reported discrimination.

Presiding Judge: HON. PATRICIA "TISH". MORRIS (630457)
COM : 000004 of 000015


Filed 25-CI-010708 12/12/2025 David L. Nicholson, Jefferson Circuit Clerk

Filed 25-CI-010708 12/12/2025 David L. Nicholson, Jefferson Circuit Clerk
NOT ORIGINAL DOCUMENT 12/17/2025 09:17:03 AM 83370

45. In response to the Discrimination Complaint, Defendants' did not tell Johnson why they declined to correct the reported discrimination.
46. Within days, upon learning of Johnson's grievance, Defendant Dewes-Cole retaliated.
47. On or about July 23, 2025, she filed a false and malicious cross-grievance, baselessly accusing Johnson of screaming at her and slamming her foot in a truck door on July 19, 2025.
48. Defendant Dewes-Cole's report was pretextual, retaliatory, and violated Ford's own policy requiring same-day reporting of such alleged incidents.
49. Following the filing of these grievances, Ford initiated an investigation.
50. During this time, Johnson was subjected to a hostile work environment, as coworkers, apparently incited by Defendant Dewes-Cole's false accusations, began taunting him, calling him a "door slammer," and questioning why he had not retired.
51. On or about August 8, 2025, Johnson's supervisor, Defendant Dylan Potts, retaliated against Johnson for his protected activity by denying him the right to work overtime.
52. On or about August 11, 2025, Johnson prepared to engage in further protected activity by filing a second grievance, this time against Defendant Potts for his retaliatory conduct.
53. In response, Defendant Potts offered to pay Johnson for a full day's wages if he would agree not to file the grievance, which Johnson accepted to de-escalate the situation.
54. The very next day, on August 12, 2025, Ford terminated Johnson's employment ("Termination").
55. Johnson's Termination was retaliation for Discrimination Complaint.
56. Johnson's Termination was because of Johnson's age.
57. By committing the Termination, Defendants made it less likely for a reasonable employee to make a report or oppose conduct like discrimination.
58. The Termination constitutes retaliation.
59. The Termination constitutes age discrimination.

Presiding Judge: HON. PATRICIA "TISH". MORRIS (630457)
COM : 000005 of 000015


Filed 25-CI-010708 12/12/2025 David L. Nicholson, Jefferson Circuit Clerk

Filed 25-CI-010708 12/12/2025 David L. Nicholson, Jefferson Circuit Clerk
NOT ORIGINAL DOCUMENT 12/17/2025 09:17:03 AM 83370

60. Defendants willfully engaged in the Termination.

61. Defendants intentionally engaged in the Termination.

62. The Termination was an adverse action.

63. The Termination was an adverse employment action.

64. Defendants has a progressive disciplinary policy. ("Disciplinary Policy")

65. Defendants used the Disciplinary Policy.

66. Defendants used the Disciplinary Policy for employees who are not Black.

67. Johnson had not been given a verbal warning.

68. Johnson had not been given a written warning.

69. Johnson had not been given a final written warning.

70. Johnson had not been given a suspension.

71. Prior to terminating Johnson, Defendants never issued any written communication criticizing Johnson for any reason.

72. Defendants knowingly skipped progressive disciplinary steps in terminating Johnson's employment.

73. Defendants knowingly terminated Johnson's employment.

74. Defendants knowingly took adverse employment actions against Johnson.

75. Defendants knowingly took adverse actions against Johnson.

76. Defendants intentionally skipped progressive disciplinary steps in terminating Johnson.

77. Defendants intentionally terminated Johnson's employment.

78. Defendants intentionally took adverse employment actions against Johnson.

79. Defendants intentionally took adverse actions against Johnson.

80. Defendants knew that skipping progressive disciplinary steps in terminating Johnson would cause Johnson harm.

81. Defendants knew that terminating Johnson would cause Johnson harm.

Presiding Judge: HON. PATRICIA "TISH". MORRIS (630457)
COM : 000006 of 000015


Filed 25-CI-010708 12/12/2025 David L. Nicholson, Jefferson Circuit Clerk

Filed 25-CI-010708 12/12/2025 David L. Nicholson, Jefferson Circuit Clerk
NOT ORIGINAL DOCUMENT
12/17/2025 09:17:03 AM
83370

82. Defendants willfully skipped progressive disciplinary steps in terminating Johnson.

83. Defendants willfully terminated Johnson's employment.

84. There was a causal connection between Johnson's race and the Termination.

85. There was a causal connection between Johnson's Discrimination Complaint and the Termination.

86. Defendants' stated reason for terminating Johnson was a pretext for unlawful age discrimination and retaliation.

87. At no point was Defendant Dewes-Cole, a significantly younger employee and the instigator of the ageist harassment, disciplined for her conduct or for filing a false, retaliatory report.

88. By terminating a 26-year veteran employee based on a younger supervisor's fabricated story immediately after he engaged in protected activity, Defendants acted with malice and a reckless indifference to Johnson's protected rights.

89. Johnson also suffered from a serious health condition, anxiety, and was approved for and took intermittent leave under the Family and Medical Leave Act ("FMLA").

90. As a direct and proximate result of Defendants' conduct, Johnson has suffered and will continue to suffer damages, including but not limited to lost wages and benefits, loss of earning capacity, emotional distress, humiliation, and damage to his professional reputation.

**COUNT I - AGE DISCRIMINATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT (29 U.S.C. §§ 621, ET SEQ.)**
**(Against Defendant Ford Motor Company)**

91. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs

92. At 64 years old, Johnson is a member of a protected class under the Age Discrimination in Employment Act ("ADEA")

93. Johnson was qualified for his position, as demonstrated by his more than 26 years of proficient service and near-perfect employment record with Ford.

Presiding Judge: HON. PATRICIA "TISH". MORRIS (630457)
COM : 000007 of 000015


Filed 25-CI-010708 12/12/2025 David L. Nicholson, Jefferson Circuit Clerk

Filed 25-CI-010708 12/12/2025 David L. Nicholson, Jefferson Circuit Clerk
NOT ORIGINAL DOCUMENT 12/17/2025 09:17:03 AM 83370

94. Defendant Ford, through its supervisors and agents, subjected Johnson to a series of adverse employment actions because of his age.

95. These adverse actions included subjecting him to a hostile work environment, which was severe and pervasive enough to alter the conditions of his employment.

96. The hostile environment included Defendant Dewes-Cole's unwelcome age-based harassment, such as calling him an "old man" and telling coworkers he was "crazy and senile.

97. The adverse actions also included his termination on August 12, 2025.

98. These actions occurred under circumstances giving rise to an inference of age discrimination, including the close temporal proximity of his termination to his 65th birthday and the ageist comments of his Team Leader.

99. Ford's stated reason for Johnson's termination—"gross misconduct" based on Defendant Dewes-Cole's allegations—was a pretext for unlawful age discrimination.

100. The reason was pretextual because it had no basis in fact, as Johnson did not engage in the alleged misconduct.

101. The reason was also pretextual because it did not actually motivate the decision, which was instead motivated by age-based animus and a desire to remove an older worker.

102. The reason was further pretextual because it was insufficient to warrant termination of a 26-year employee with a sterling record, especially when compared to the lack of discipline for the younger accuser, Defendant Dewes-Cole.

103. Ford acted willfully and with reckless disregard for whether its conduct violated the ADEA.

104. Ford was on notice of the potential for an ADEA violation when Johnson filed his grievance explicitly complaining of age discrimination, yet it proceeded to terminate him based on a retaliatory and fabricated complaint.

Presiding Judge: HON. PATRICIA "TISH". MORRIS (630457)
COM : 000008 of 000015


Filed 25-CI-010708 12/12/2025 David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL DOCUMENT
12/17/2025 09:17:03 AM
83370

105. As a direct and proximate result of Defendant Ford's unlawful conduct, Johnson has suffered damages, including lost wages, lost benefits, and emotional distress, and is entitled to liquidated damages for Ford's willful violation.

**COUNT II - AGE DISCRIMINATION IN VIOLATION OF THE KENTUCKY CIVIL RIGHTS ACT (KRS CHAPTER 344)**
**(Against All Defendants)**

106. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs.

107. At 64 years old, Johnson is a member of a protected class under the Kentucky Civil Rights Act ("KCRA").

108. Johnson was qualified for his position and was performing his job duties in a satisfactory manner.

109. Defendants subjected Johnson to adverse employment actions, including harassment, a hostile work environment, and wrongful termination, because of his age.

110. Defendant Ford is liable for these actions directly and vicariously.

111. The individual Defendants are liable for their direct participation in these unlawful acts pursuant to KRS § 344.280, which prohibits a person from aiding, abetting, inciting, or compelling an employer's discriminatory practices.

112. Defendant Dewes-Cole aided and abetted Ford's unlawful discrimination by initiating age-based harassment and by filing a false, pretextual cross-grievance to punish Johnson for opposing her discrimination.

113. Defendant Potts aided and abetted Ford's unlawful discrimination by participating in the pattern of adverse actions against Johnson.

114. Defendants' actions were willful, intentional, and undertaken with malice or reckless indifference to Johnson's state-protected rights.

Presiding Judge: HON. PATRICIA "TISH". MORRIS (630457)
COM : 000009 of 000015

Filed 25-CI-010708 12/12/2025 David L. Nicholson, Jefferson Circuit Clerk
NOT ORIGINAL DOCUMENT 12/17/2025 09:17:03 AM 83370

115. As a direct and proximate result of Defendants' unlawful conduct, Johnson has suffered and will continue to suffer damages, including lost wages, lost benefits, emotional distress, humiliation, and damage to his professional reputation, and is entitled to punitive damages.

**COUNT III - RETALIATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT (29 U.S.C. § 623(D))**
**(Against Defendant Ford Motor Company)**

116. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs.

117. Johnson engaged in legally protected activity under the ADEA when he opposed unlawful age discrimination.

118. Specifically, on July 21, 2025, Johnson filed a grievance reporting the age-based harassment by Defendant Dewes-Cole.

119. Defendant Ford, through its supervisors and agents, was aware of Johnson's protected activity.

120. Immediately following and as a direct result of his protected activity, Defendant Ford subjected Johnson to a series of materially adverse employment actions.

121. These adverse actions included Defendant Dewes-Cole filing a false cross-grievance on July 23, 2025.

122. These adverse actions included Ford initiating a retaliatory investigation based on those false allegations.

123. These adverse actions included Defendant Potts denying Johnson overtime on August 8, 2025.

124. These adverse actions culminated in Johnson's termination on August 12, 2025.

125. The causal connection between Johnson's protected activity and the adverse actions is established by the extremely close temporal proximity between the events.

Presiding Judge: HON. PATRICIA "TISH". MORRIS (630457)
COM : 000010 of 000015


Filed 25-CI-010708 12/12/2025 David L. Nicholson, Jefferson Circuit Clerk

Filed 25-CI-010708 12/12/2025 David L. Nicholson, Jefferson Circuit Clerk
NOT ORIGINAL DOCUMENT 12/17/2025 09:17:03 AM 83370

126. The entire series of adverse actions, from the false report to the termination, occurred within a three-week period after Johnson filed his age discrimination grievance.

127. Ford's stated reason for the termination was a pretext for unlawful retaliation.

128. Ford's actions were willful and undertaken with reckless indifference to Johnson's federally protected rights against retaliation.

129. As a direct and proximate result of Ford's retaliatory conduct, Johnson has suffered significant economic and non-economic damages and is entitled to liquidated damages.

**COUNT IV - RETALIATION IN VIOLATION OF THE KENTUCKY CIVIL RIGHTS ACT (KRS § 344.280)**
**(Against All Defendants)**

130. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs.

131. Johnson engaged in legally protected activity under the KCRA when he opposed practices he reasonably and in good faith believed to be unlawful age discrimination.

132. This protected activity included his July 21, 2025 grievance.

133. Defendants were aware of Johnson's protected activity.

134. As a direct consequence, Defendants subjected Johnson to materially adverse actions that would dissuade a reasonable worker from making or supporting a charge of discrimination.

135. These adverse actions included the retaliatory investigation, denial of overtime, and his ultimate termination.

136. The individual Defendants Dewes-Cole and Potts are liable for their direct participation in these retaliatory acts pursuant to KRS § 344.280, which prohibits a person from aiding, abetting, inciting, or compelling an employer's unlawful retaliatory practices.

137. Defendant Dewes-Cole aided and abetted retaliation by filing a false cross-grievance to punish Johnson for his protected complaint.

Presiding Judge: HON. PATRICIA "TISH". MORRIS (630457)
COM : 000011 of 000015


Filed 25-CI-010708 12/12/2025 David L. Nicholson, Jefferson Circuit Clerk

Filed 25-CI-010708 12/12/2025 David L. Nicholson, Jefferson Circuit Clerk
NOT ORIGINAL DOCUMENT 12/17/2025 09:17:03 AM 83370

138. Defendant Potts aided and abetted retaliation by denying Johnson overtime opportunities after he complained.

139. Defendants' retaliatory actions were undertaken with malice or reckless indifference to Johnson's rights.

140. As a direct and proximate result, Johnson has suffered damages including lost wages, emotional distress, and humiliation, and is entitled to punitive damages.

**COUNT V - RETALIATION IN VIOLATION OF THE FMLA (FAMILY AND MEDICAL LEAVE ACT, 29 U.S.C. § 2615)**
**(Against All Defendants)**

141. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs.

142. Johnson suffered from a serious health condition, anxiety, which qualified for leave under the Family and Medical Leave Act ("FMLA").

143. Johnson was approved for and exercised his right to take intermittent FMLA leave in July and August 2025.

144. Defendants, including his supervisors, were aware that he was taking protected FMLA leave.

145. Defendants took adverse employment actions against Johnson, including creating a hostile work environment and terminating his employment, in part because he exercised his rights under the FMLA.

146. The FMLA defines "employer" to include "any person who acts, directly or indirectly, in the interest of an employer," thereby allowing for individual liability.

147. The individual defendants, as supervisors and agents acting in Ford's interest, are therefore individually liable for their roles in the retaliation.

148. Defendants' actions constitute unlawful interference with and retaliation for the exercise of FMLA rights in violation of 29 U.S.C. § 2615.

Presiding Judge: HON. PATRICIA "TISH". MORRIS (630457)
COM : 000012 of 000015


Filed 25-CI-010708 12/12/2025 David L. Nicholson, Jefferson Circuit Clerk

Filed 25-CI-010708 12/12/2025 David L. Nicholson, Jefferson Circuit Clerk
NOT ORIGINAL DOCUMENT 12/17/2025 09:17:03 AM 83370

149. As a direct and proximate result of this FMLA retaliation, Johnson is entitled to damages, including lost compensation and benefits, interest, and liquidated damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands from Defendants the following:

(a) Issue a permanent injunction:

(i) Requiring Defendants to abolish discrimination, harassment, and retaliation;

(ii) Requiring allocation of significant funding and trained staff to implement all changes within two years;

(iii) Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to promptly investigate complaints and/or take effective action to stop and deter prohibited personnel practices against employees;

(iv) Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

(v) Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

(b) An award against Defendant of compensatory and monetary damages to compensate Plaintiff for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against Defendant in an amount in excess of $25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Plaintiff's claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.


Filed 25-CI-010708 12/12/2025 David L. Nicholson, Jefferson Circuit Clerk
Presiding Judge: HON. PATRICIA "TISH". MORRIS (630457)
COM : 000013 of 000015

Filed 25-CI-010708 12/12/2025 David L. Nicholson, Jefferson Circuit Clerk
NOT ORIGINAL DOCUMENT 12/17/2025 09:17:03 AM 83370

Respectfully submitted,

*/s/ Samuel T. Long*
Samuel T. Long (100174)
Zack Diamond-Phillips (100757)
**THE SPITZ LAW FIRM, LLC**
Spectrum Office Tower
11260 Chester Road, Suite 825
Cincinnati, OH 45246
Phone: (216) 291-0244 x173
Fax: (216) 291-5744
Email: sam.long@spitzlawfirm.com
zack.diamondphillips@spitzlawfirm.com

*Attorneys for Plaintiff Joseph Johnson*

Presiding Judge: HON. PATRICIA "TISH". MORRIS (630457)
COM : 000014 of 000015


Filed 25-CI-010708 12/12/2025 David L. Nicholson, Jefferson Circuit Clerk

Filed 25-CI-010708 12/12/2025 David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL DOCUMENT 12/17/2025 09:17:03 AM 83370

**JURY DEMAND**

Plaintiff demands a trial by jury by the maximum number of jurors permitted.

*/s/ Samuel T. Long*
Samuel T. Long (100174)
**SPITZ, THE EMPLOYEE'S LAW FIRM**
*Attorney for Plaintiff Joseph Johnson*

Presiding Judge: HON. PATRICIA "TISH". MORRIS (630457)

COM : 000015 of 000015



Filed 25-CI-010708 12/12/2025 David L. Nicholson, Jefferson Circuit Clerk